# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 19-1007 (JEB) |
| ) | |
| NATIONAL ARCHIVES AND ) | |
| RECORDS ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant National Archives and Records Administration ("NARA") hereby answers Plaintiff Judicial Watch's Complaint (the "Complaint"), ECF No. 1, as follows:

### JURISDICTION AND VENUE

1. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent that a response is deemed required, Defendant admits that this Court has subject matter jurisdiction.

2. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent that a response is deemed required, Defendant admits that venue is in this judicial district.

### PARTIES

3. NARA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant admits that NARA has an office in College Park, MD, but denies that the office is its "headquarters." The remainder of the allegations in this paragraph consist of legal conclusions to which no response is required.

**STATEMENT OF FACTS**

5. Admit that Plaintiff submitted a FOIA request via email to NARA on May 7, 2018. The request speaks for itself and is the best evidence of its contents. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

6. Admit that by email dated May 16, 2018, NARA's Special Access and FOIA Branch acknowledged receipt of the request on May 15, 2018, assigned the request tracking number RD 57219, and indicated that they had located FBI case file 100-NY-161499. To the extent the remainder of this paragraph contains Plaintiff's characterization of the email, the email speaks for itself and is the best evidence of its contents. NARA respectfully refers the Court to the response for a full and accurate statement of its contents. NARA further admits that it has not produced any responsive records or portions thereof at the time this Complaint was filed.

7. Admit that Plaintiff submitted an administrative appeal of RD 57219 dated June 6, 2018 and NARA acknowledged receipt of the appeal by letter dated June 12, 2018. The remainder of the paragraph contains Plaintiff's characterization of its appeal to which no response is required.

8. Admit that Plaintiff submitted an email to Defendant on June 15, 2018, regarding its appeal. The remainder of this paragraph contains Plaintiff's characterization of the email to which no response is required.

9. Admit that NARA responded to Plaintiff's June 15, 2018, email on June 18, 2018. The request speaks for itself and is the best evidence of its contents. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

10. Admit that NARA had not responded to Plaintiff's appeal at the time the Complaint was filed.

11. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.

12.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.

## COUNT I

### (Violation of FOIA, 5 U.S.C. 552)

13.     NARA repeats and re-alleges each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

14.     Denied

15.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent that a response is deemed required, Defendant denies the allegations contained in paragraph 15.

The remaining paragraphs of the Complaint consist of Plaintiff's request for relief, to which no response is required.  NARA denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

* * *

NARA hereby denies each and every allegation in the Complaint not expressly answered or qualified above.

## AFFIRMATIVE DEFENSES

NARA reserves its right to amend, alter and supplement the affirmative defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to NARA through the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C § 552(b).

Wherefore, NARA prays that this Court dismiss the Complaint with prejudice, at Plaintiff's cost, and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ *Patricia McBride*
PATRICIA K. MCBRIDE
Assistant United States Attorney, Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-7123
Email: Patricia.McBride@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Answer was served today, May 22nd, 2019, on Plaintiff by the Court's ECF system:

Judicial Watch, Inc.
425 Third Street, SW
Suite 800
Washington, DC  20024

/s/_____
PATRICIA KING MCBRIDE
Assistant United States Attorney